Frank J. SCHLEIS, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1459.

United States Court of Veterans Appeals.

Nov. 2, 1992.

William Paul Bringman, Fredericktown, Ohio, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen.

Counsel, and John C. Winkfield, Washington, D.C., were on the brief, for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Frank J. Schleis, seeks review of a March 11, 1992, Board of Veterans' Appeals (BVA or Board) decision which confirmed two prior BVA decisions of March 1977 and April 1978 denying appellant service connection for multiple sclerosis (MS). The Court holds that while the BVA failed to provide proper analysis for determining whether evidence was new and material, this error was harmless. Accordingly, the Court affirms the decision of the BVA.

## I. BACKGROUND

The veteran served as an infantryman with the U.S. Army in the Berlin Occupation from March 1953 until March 1956. He was honorably discharged. R. at 1–2. His medical discharge examination shows him to have been in good health. R. at 3–4. After discharge, the veteran pursued a variety of skilled labor jobs from 1956 until 1972. He experienced a number of medical problems and was treated by several physicians. In 1972, he was diagnosed as having MS. R. at 7–9.

After this diagnosis, the veteran applied for service-connected disability compensation in March 1974. R. at 11–14. To support the claim, the veteran's family doctor submitted a "Certificate of Attending Physician," dated March 19, 1975, in which the doctor recounts treating the veteran since 1964 for medical problems which the doctor says could have been early symptoms of MS. R. at 20. The veteran received a medical examination confirming his MS in August 1975. R. at 24–34. He also submitted lay statements, including one from his former wife, that tell of the veteran experiencing symptoms as early as the late 1950's, which could have been the result of his MS. R. at 35 and 38. The Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) issued its rating decision on November 25, 1975, concluding that there was no "conclusive evidence" that the veteran incurred the MS either in military service or during the seven-year presumptive period immediately following his separation from military service. R. at 40–42. The veteran submitted a letter to the RO, constituting his Notice of Disagreement (NOD) in August 1976. R. at 43–45. The veteran submitted additional evidence, consisting of lay statements, as proof of MS symptoms during the presumptive period. R. at 70–88. The BVA issued its decision, denying service connection, on March 23, 1977. R. at 111–15. The veteran submitted additional evidence to the RO, but the RO reconfirmed the earlier decision on June 10, 1977. R. at 123–24. The veteran filed a second NOD on June 24, 1977, R. at 126, and appealed to the BVA for the second time on August 5, 1977. R. at 139. On April 6, 1978, the BVA reconfirmed its earlier decision. R. at 176–80.

In February 1981, the veteran sought to reopen his claim, submitting additional evidence, the centerpiece of which was a sworn statement from another family doctor who treated the veteran from March 1956 until May 1960. That physician, Dr. Schwallie, attested to the fact that throughout that four-year period, he "distinctly remembers treating [the veteran], on several occasions, during the above stated time period for complaints of dizziness and numbness and tingling of his hands and feet." R. at 187. Dr. Schwallie concluded:

In retrospect, I believe, that the symptoms of dizziness and numbness and tingling in his extremities in the absence of remarkable objective findings may have been the insidious manifestations of early multiple sclerosis.

*Id.* Although the RO considered this sworn statement from Dr. Schwallie, in April 1981, it denied service connection based upon the fact that the doctor provided "no clinical records but is replying [sic] upon his memory." R. at 191. The veteran filed his NOD on July 16, 1981. R. at 193–94. The veteran appealed this decision to the BVA in November 1982. R. at 203. Since the veteran did not submit his appeal

within one year as required by statute, the VA denied his appeal. R. at 205. On June 28, 1989, the veteran, for a third time, petitioned the VA to reopen his claim and submitted additional evidence. R. at 210. This time, the veteran submitted a June 1989 lay statement from John Lowe, the father of a co-worker in the plant where the veteran worked in the late 1950's, indicating that the veteran had shown symptoms of MS as early as that time period. R. at 212. The RO denied service connection for a fourth time in August 1989. R. at 214–15. The veteran appealed that decision on June 16, 1990. R. at 216. The veteran received an additional VA hearing on August 15, 1990, in which he recounted the evidence from physicians and lay people supporting his claim. R. at 225–37. The hearing officer denied his claim on August 22, 1990. R. at 238–39. The veteran appealed this decision to the BVA in September 1990. R. at 241. The BVA issued its decision on March 11, 1991, denying the veteran's appeal to overturn its earlier decisions, stating that the evidence presented "does not establish a new factual basis which would support a grant of service connection for multiple sclerosis." *Frank J. Schleis*, BVA 90–49919, at 7–8 (Mar. 11, 1991). The veteran perfected a timely appeal of that decision to this Court. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

## II. ANALYSIS

■ Under 38 U.S.C. § 7104(b) (formerly § 4004(b)), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." One exception to the § 7104(b) rule is 38 U.S.C. § 5108 (formerly § 3008) which states, "If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veteran Affairs (Secretary)] shall reopen the claim and review the former disposition of the claim." This Court has established a two-part analysis that the BVA must utilize when a veteran

seeks to reopen a claim based upon "new and material" evidence.

· First, the BVA must determine whether the evidence is "new and material." 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991) (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991).

■ The BVA's decision does not analyze the additional evidence in the simple and methodical manner required by the *Manio* test. On the one hand, the BVA determined that

the evidence submitted since the April 1978 decision, *which is primarily a recapitulation of previous contentions and opinions* unsupported by contemporaneous clinical documentation, does not demonstrate that multiple sclerosis was manifested during service or within seven years of the veteran's discharge.

*Schleis*, BVA 90–49919, at 7 (emphasis added). It appears that the BVA determined that the additional evidence was not new and material, the first step of the *Manio* test. On the other hand, the BVA appeared, nevertheless, to reopen the claim by considering old evidence when it also said that "[w]e have paid careful attention to the statement of Dr. Schwallie." *Id.* The BVA further determined "that the evidence does not include any *clinically observable manifestations* of multiple sclerosis during service or within the presumptive seven-year period after discharge which would establish a new factual basis or support a grant of service connection." *Id.* (emphasis added). The BVA concluded that "[t]he evidence submitted in conjunction with the *reopened* claim does not establish a new factual basis which would support a grant of service connection for

multiple sclerosis." *Id.* (emphasis added). The sworn statement by Dr. Schwallie was old evidence since it was clearly considered by the VA during the veteran's 1981 appeal. R. at 198. Consequently, the Court concludes that the BVA failed to apply the proper two-step analysis spelled out in *Manio.*

As previously stated, this Court applies the *Manio* test to that analysis of the evidence, de novo. *Colvin,* 1 Vet.App. at 174. The Court concludes that the additional evidence was not new and material. As stated above, the sworn statement of Dr. Schwallie is not new; it had been considered before. The additional evidence is the statement of John Lowe, a layman, which is not new. The statement primarily recapitulates others' earlier assertions of having observed symptoms. Therefore, it is "merely cumulative of evidence on the record." *Thompson v. Derwinski,* 1 Vet. App. 251, 254 (1991) (quoting *Colvin,* 1 Vet.App. at 174 (citations omitted)).

It is unclear from the record whether the BVA actually reopened the claim. If the claim was, in fact, reopened, that was an error because no new and material evidence had been submitted. That error, if it had been alleged, would not have benefitted the veteran, for "such error would be considered harmless." *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991). *See also* 38 U.S.C. § 7261(b); *Thompson,* 1 Vet.App. at 253–54.

> The Court concludes by reiterating that, on request to reopen a claim, once the Board makes a determination that newly submitted evidence is not new and material, the Board's analysis of a claim should cease. Further analysis under these circumstances is not only confusing to the appellant but also to this Court on review.

*Kehoskie,* 2 Vet.App. at 34.

A review of the entire file indicates that there may well be merit to appellant's claim. However, this Court is a court of law and our jurisdiction is defined by a statute which precludes consideration of claims which have been the subject of final denials. Only the Secretary is permitted by statute to take equitable considerations into account in reviewing claims for administrative error. *See* 38 U.S.C. § 503(a); *Darrow v. Derwinski,* 2 Vet.App. 303 (1992).

## III. CONCLUSION

For the reasons stated above, the BVA decision of August 9, 1990, is AFFIRMED.