# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 12-0738

FRANCIS M. JACKSON, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued  November 19, 2013

Decided  March 6, 2014)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Michael A. Carr*, with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Leslie C. Rogall*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges.*

MOORMAN, *Judge*, filed the opinion of the Court.  SCHOELEN, *Judge*, filed a dissenting opinion.

MOORMAN, *Judge*:  The appellant, Francis M. Jackson, appeals through counsel a November 15, 2011, Board of Veterans' Appeals (Board) decision that denied his claim for eligibility for payment of attorney fees pursuant to 38 U.S.C. § 5904(d).  This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  This case was referred to a panel to determine whether section 5904(d) authorizes VA to pay attorney fees pursuant to a valid contingency fee agreement where the veteran died after the Board's favorable decision granting his claims for service connection but before the regional office (RO) implemented that decision by assigning a disability rating and effective date and where past-due benefits were subsequently awarded and paid to the veteran's surviving spouse as accrued benefits.  For the reasons that follow, the Court will affirm the Board's decision.

# I. BACKGROUND

The veteran, H.M. Cates Finemore, served honorably on active duty in the U.S. Army from April 1957 to April 1959.  Record (R.) at 201.  On March 4, 1998, the Board denied the veteran's claims for disability compensation for disabilities of the legs, back, and feet.  R. at 657-62, 761-67.  Three months after the Board's decision, on June 9, 1998, the appellant, attorney Francis M. Jackson, entered into a valid contingency fee agreement with the veteran.  R. at 285-88; *see* R. at 10 ("[T]he Board finds that the appellant was in substantial compliance with the provisions of 38 C.F.R. § 20.609(g)(h).").  On May 22, 2007, the Board issued a decision granting the veteran "[e]ntitlement to service connection" for a back disability and a disability of the legs.  R. at 314-20.  On January 20, 2008, before the RO issued a rating decision implementing the Board's decision, Mr. Finemore died.  R. at 198.  The record contains a rating decision, dated January 31, 2008, that stated that service connection for the veteran's back and foot disabilities and entitlement to special monthly compensation based upon loss of use of the left foot was granted and assigned disability ratings and effective dates for those conditions.  R. at 301-06.  The rating decision is not accompanied by an award letter, nor is there any indication in the record that the rating decision was mailed to the veteran.

On April 3, 2008, the appellant sent a letter to VA stating that he represented the veteran and that it was his "understanding that [the veteran's] claim has been granted and that payment is being calculated."  R. at 187.  On May 14, 2008, the RO issued a rating decision denying the appellant payment of his contingency fee due to the veteran's death.  R.185-86.  That decision stated: "We are unable to pay any [a]ttorney [f]ees due you due to the veteran's death.  The past-due benefits can only be payable as accrued benefits and if the accrued benefits claimant has filed a fee agreement with you." *Id*.  The appellant filed a timely Notice of Disagreement (NOD) (R. at 183), and later perfected his appeal to the Board (R. at 170).

On January 20, 2009, the appellant forwarded to VA an application for dependency and indemnity compensation (DIC) and accrued benefits for the veteran's surviving spouse, Patricia Finemore.  R. at 138-46.  The RO granted Mrs. Finemore's claim for accrued benefits in a decision dated May 15, 2009.  R. at 87-99.  The RO notified Mrs. Finemore of this determination on July 24, 2009.  R. at 87-88.  The letter informed her that

At the time of the veteran's death, he had been granted service connection for a back condition, foot drop, and special monthly compensation for the loss of use of the left foot. We granted entitlement to this accrued benefit in the amount of $136,652. Of this amount, $27,330.40 is being withheld for possible attorney fees. The issue of attorney fees is currently under appeal. You will be notified when the issue is decided.

R. at 87. VA received evidence (R. at 57) and subsequently determined that Patricia Finemore was not capable of managing her funds (R. at 34-38, 45-50). In June 2011, VA released $109,321.60 to Mrs. Finemore's custodian. R. at 27-28.

In the November 15, 2011, decision here on appeal the Board found that the appellant was not entitled to payment of attorney fees. R. at 4-11. The Board found

Although the appellant and the Veteran entered into a valid contingent fee agreement in June 1998 for a percentage of past-due benefits paid to the Veteran, and such benefits were awarded by virtue of a May 2007 Board decision, the Board's award did not result in any cash payment to the Veteran due to the Veteran's death.

R. at 5. Because a "cash payment," as required by 38 C.F.R. § 20.609(h)(1) (2006), was not made, the Board denied the appellant's claim. The Board noted that the veteran's widow had been awarded and paid past-due benefits due and unpaid to the veteran as accrued benefits, but found that payment could not be made from Mrs. Finemore's accrued benefits award because the appellant had not entered into a fee agreement with her.

The appellant filed a Notice of Appeal to this Court on March 1, 2012. On July 25, 2012, the appellant provided Patricia Finemore's custodian with a copy of his Notice of Appeal and informed her, in accordance with Rule 15, that she had a right to intervene in the appeal. The Court discovered that Patricia Finemore passed away on October 4, 2013. Pursuant to the Court's October 28, 2013, order, both parties filed a supplemental brief in which they maintain that Mrs. Finemore's death has no bearing on the outcome of this appeal.

## II. ANALYSIS

Pursuant to 38 U.S.C. § 5904(d), an attorney may enter into a fee agreement with a claimant for VA benefits and, if certain conditions are met, the attorney is entitled to have his fee deducted from past-due benefits awarded to the claimant and to be paid from that award directly by VA. "When a claimant and an agent or attorney have entered into a [valid fee agreement], the total fee

payable to the agent or attorney may not exceed 20 percent of the total amount of *any past-due benefits awarded on the basis of the claim*." 38 U.S.C. § 5904(d)(1) (emphasis added). The statute further provides that a valid fee agreement is one that provides that the fee "is to be paid to the agent or attorney by the Secretary *directly from any past-due benefits awarded on the basis of the claim*" and "is contingent on whether or not the matter is resolved in a manner favorable to the claimant." 38 U.S.C. § 5904(d)(2)(A)(I) (emphasis added). Finally, section 5904 provides that

> [*t*]*o the extent that past-due benefits are awarded* in any proceeding before the Secretary, the Board of Veterans' Appeals, or the United States Court of Appeals for Veterans Claims, the Secretary may direct that payment of any fee to an agent or attorney under a fee arrangement described in paragraph (1) be made *out of such past-due benefits*.

38 U.S.C. § 5904(d)(3) (emphasis added). The Secretary's regulation implementing section 5904(d) states that a valid fee agreement will be honored by VA only when (1) the total fee payable does not exceed 20% of past-due benefits awarded, (2) the amount of the fee is contingent on whether or not the claim is resolved in a manner favorable to the claimant, and (3) "[t]he award of past-due benefits results in a cash payment to a claimant or an appellant from which the fee may be deducted." 38 C.F.R. § 20.609(h)(1) (2006).

The appellant argues there are four reasons that compel payment of his fee pursuant to the contingency fee agreement between him and the veteran: (1) he was retained within one year after the first final Board decision in the case in accordance with 38 U.S.C. § 5904(c); (2) he successfully represented the veteran before the Court resulting in a remand to the Board; (3) when the Board granted the veteran's claims in May 2007, his entitlement to a fee was established; and (4) VA implemented an award of past-due benefits in May 2009 for those service-connected benefits by awarding accrued benefits to the veteran's widow. In other words, the appellant argues that the award and cash payment requirements of the statute and regulation were satisfied in May 2009 when the RO assigned a disability rating and effective date regarding the veteran's entitlement to service-connected compensation for purposes of determining the veteran's unpaid compensation, which was later paid to Mrs. Finemore as accrued benefits. The appellant concedes that all four elements he outlined at oral argument are required for him to be eligible for payment of his attorney fee and that

4

the Board's May 2007 decision granting service connection does not satisfy the requirement in section 5904(d) that "past-due benefits are awarded" on the basis of the claim.

The Secretary argues that the plain language of 38 U.S.C. § 5121, as well as the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decisions in *Seymore v. Principi*, 245 F.3d 1377 (Fed. Cir. 2001) and *Zevalkink v. Brown*, 102 F.2d 1236 (Fed. Cir. 1996), and two VA General Counsel Opinions demonstrate that a claim for accrued benefits is a separate claim. Thus, as a separate claim, Mrs. Finemore's "accrued benefits claim was not a continuation of the [v]eteran's benefits claim." Secretary's Brief at 14. As a result, the Secretary maintains that, because the appellant did not, and could not, have a valid fee agreement with Mrs. Finemore, he cannot collect 20% of the past due benefits awarded on the basis of the accrued benefits claim. The Secretary points out "[w]hat [the a]ppellant is asking the Court to do is order VA to pay $27,330.40 from the surviving spouse's accrued benefits award to someone with whom she never entered into a legal relationship." Secretary's Brief at 20.

The appellant and the veteran entered into a valid contingency fee agreement. It is not disputed that (1) the attorney was retained within one year of the Board's first final decision denying the veteran's claims for service connection for back and leg disabilities, *see* 38 U.S.C. § 5904(c)(1); and (2) the fee agreement directs VA to pay the attorney directly from any past-due benefits awarded on the basis of the claim, limits the attorney's fee to 20% of the total amount of past due benefits awarded on the basis of the claim, and is contingent on whether the matter is resolved in favor of the claimant. *See* 38 U.S.C. § 5904(d)(1), (2)(A)(i)(ii). It is also not disputed that the attorney's representation of the veteran resulted in a favorable decision concerning the claim in May 2007 when the Board granted entitlement to service connection for the veteran's leg and back disabilities. What is disputed is whether past-due benefits were awarded on the basis of the veteran's claim as contemplated by section 5904(d).

In *Snyder v. Nicholson*, the Federal Circuit considered the meaning of the term "past-due benefits awarded" as it appears in section 5904(d). 489 F.3d 1213, 1219 (Fed. Cir. 2007). Starting, as it must, with the language of the statute, the Federal Circuit found that "the statutory language does in fact provide 'a clear answer' to the meaning of section 5904(d)." *Id*. at 1217-18 (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)). The Federal Circuit explained "[a]

5

claimant's service-connected disability forms the 'basis' of his or her claim for compensation" and "in order to make an 'award[]' on the 'basis' of that claim, the VA *must assign a disability rating to the claimant*." 489 F.3d at 1218 (emphasis added). Accordingly, the court found that "[t]he word 'award' is clear and unambiguous, and in the parlance of veterans' benefits it means the *amount* stated as the award for success in pursuit of a claim for benefits." *Id*. Although the May 2007 Board decision established the veteran's entitlement to service connection for his disabilities, that decision did not state "the amount" to be paid to the veteran.

Thus, in the veteran's claim for benefits on which the appellant represented the veteran, entitlement to service connection had been established before the veteran died, forming the "basis" for his claim for compensation, but not yet making the "award of past-due benefits." Because the veteran died before the RO had issued a rating decision assigning a disability rating or effective date, the "amount stated as the award for success in pursuit of a claim for benefits" had not been determined. *Snyder*, 489 F.3d at 1218. Accordingly, the Board's May 2007 decision is insufficient to establish "past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d)(2)(A)(i); *see Snyder, supra*.

However, disability ratings and effective dates for the veteran's service-connected disabilities were subsequently determined by the RO for the purposes of awarding the veteran's widow accrued benefits pursuant to 38 U.S.C. § 5121. The appellant argues that the determination of the "amount" subsequently awarded as accrued benefits to the veteran's widow satisfied the final requirement for him to be paid (*past-due benefits awarded on the basis of the claim* for the fee to be paid *out of such past-due benefits*).

The parties agree, and we do not depart from well-established precedent, that an accrued benefits claim is a separate claim from the veteran's claim for service connection. *Zevalkink*, 102 F.3d at 1241. At the same time, however, we cannot ignore that an accrued benefits claim is derivative of the veteran's claim for service connection and, therefore, the accrued benefits claimant is only entitled to what was properly due the veteran at the time of his death, but which was unpaid. *Id.* The statutory scheme precludes an accrued benefits claimant from readjudicating the veteran's claim. Instead, "[t]he main thrust of the statute is to pay benefits that were 'due and unpaid' to the

6

veteran based on '*existing ratings or decisions*'" or evidence in the file at the date of death. *Id*. (quoting 38 U.S.C. § 5121).

The appellant argues, because a claim for accrued benefits is derivative of the veteran's claim, the award of past-due benefits to Mrs. Finemore was on the basis of the veteran's claim. Thus, he argues, that award satisfied the final requirement for him to be paid (*past-due benefits awarded on the basis of the claim* for the fee to be paid *out of such past-due benefits*) in fulfillment of his agreement with the veteran, Mr. Finemore. Although the appellant expressly states that "[t]he nature of an accrued benefits claim as a 'separate claim' is not challenged by this appeal" (Reply Brief at 3), he maintains that "[t]here is only one 'claim' in this case" (Reply Brief at 8).

Pursuant to 38 U.S.C. § 5904(c), "a fee may not be charged, allowed, or paid for services of . . . attorneys with respect to services provided before the date on which a notice of disagreement is filed with respect to the case." Because Mrs. Finemore was granted accrued benefits upon her initial application, an NOD was never filed with respect to that matter. Similarly, in *Cameron v. Shinseki*, an attorney represented a veteran in pursuit of an initial claim for benefits pursuant to a valid fee agreement and also represented the veteran in her claim for an increased disability rating claim, which could not be the subject of a valid fee agreement pursuant to section 5904(c) because an NOD had not been filed with respect to that claim. 26 Vet.App. 109 (2012). The appellant argued that because the claim for an increased disability rating was factually related to the initial claim for benefits, the increased rating claim was part of the same "case," as used in section 5904(c). This Court held that the increased disability rating claim was "a stand-alone claim, adjudicated separately and independently from her claim for benefits," and therefore, the attorney's fee agreement with the veteran did not entitle him to a fee with respect to her increased rating claim. *Id*. at 111. Relying upon the Federal Circuit's decision in *Jackson v. Shinseki*, 587 F.3d 1106 (Fed. Cir. 2009), the Court held in *Cameron* that, because the veteran's increased rating claim contained "a separate essential element from an initial service-connection claim: an increase in the level of disability that occurs after the record before the Board has closed," the two claims constituted "two distinct 'cases' for purposes of section 5904(c)." 26 Vet.App. at 116; *see Jackson*, 587 F.3d at 1111 (claim for total disability based upon individual unemployability was a separate case for purposes of section 5904(c) because it required evidence of an essential element not present in the initial claim, i.e., evidence of

7

unemployability); *but see Carpenter v. Nicholson*, 452 F.3d 1379, 1384 (Fed. Cir. 2006) (challenge to an RO decision on the basis of clear and unmistakable error did not constitute a separate case as contemplated by section 5904(c)).

Although an accrued benefits claim is based upon only the evidence in, or deemed to be in, the veteran's file at the time of death, a successful accrued-benefits claim also requires an additional "essential element:" demonstrating that the applicant qualifies as an accrued benefits claimant. 38 U.S.C. § 5121; *Zevalkink*, 102 F.3d at 1244 (the determination of whether a party qualifies as an accrued benefits claimant necessarily involves fact finding); *Hayes v. Brown*, 4 Vet.App. 353, 358-59 (1993). Accordingly, the Court finds *Jackson* and *Cameron*, both *supra*, dispositive on this issue. Mrs. Finemore's accrued benefits claim and Mr. Finemore's service-connection claims are not all part of the same case.

In addition to the nature of an accrued benefits claim setting Mrs. Finemore's case apart from her husband's claims during his lifetime, another "essential element" the appellant would have this Court ignore is that Mrs. Finemore is a separate claimant from her husband and she was never a party to a fee agreement with the appellant.

In *Hanlin v. Nicholson*, the Federal Circuit considered a similar issue in the context of two DIC claims. 474 F.3d 1355 (Fed. Cir. 2007). The claimant with whom the attorney entered into a fee agreement was the widow of a veteran who was ultimately awarded DIC benefits and the attorney collected his fee directly from VA pursuant to a section 5904(d) fee agreement. The veteran's adult son later filed an application for "helpless child" DIC benefits. The attorney argued that since both his client's (the widow) and the son's entitlement to DIC benefits were dependent on the determination that the veteran's cause of death was service connected, and his representation of the widow resulted in the Board's determination that the veteran's death was service connected, the award of DIC benefits was all part of the same "case" and he was therefore entitled to 20% of the past-due DIC benefits awarded to the son. The Federal Circuit stated

> Even assuming Mr. Hanlin's interpretation of the terms "case" and "claim" in the statute are correct, he cannot collect from [the veteran's son] in the absence of a fee agreement. We reject Mr. Hanlin's argument that [the widow's] fee agreement entitles him to 20% of [the son's] past-due award because it arose under the same "claim" under § 5904(d). . . . The VA, however, can withhold past-due benefits *only if there is a fee agreement with the claimant*.

474 F.3d at 1360 (emphasis added). The Federal Circuit therefore held that "even under Hanlin's theory that there is a single claim for benefits in this case, he must have a fee agreement with each 'claimant' from whose compensation he seeks the VA to withhold attorney fees." *Id*.

In the case now before us, as in *Hanlin*, both "awards" were dependent upon a finding of "service connection" for a deceased veteran and were based upon different statutes than the awards granted to the attorneys' clients. In Mr. Jackson's case, Mr. Jackson represented Mr. Finemore in the pursuit of a claim for service-connected benefits pursuant to 38 U.S.C. § 1110. Mr. Jackson did not represent Mrs. Finemore in her pursuit of accrued benefits pursuant to 38 U.S.C. § 5121.[1] In Mr. Hanlin's case, Mr. Hanlin represented the veteran's widow in support of her DIC claim pursuant to 38 U.S.C. § 1311. Mr. Hanlin did not represent the veteran's son in pursuit of his claim for DIC pursuant to 38 U.S.C. § 1314. In both cases, the attorney had entered into a fee agreement with only one person. Even if this Court were to assume, as the Federal Circuit assumed in *Hanlin*, that "there is only one 'claim' in this case" (Reply Brief at 8), Mr. Jackson must have a fee agreement with each claimant from whose compensation he seeks VA to withhold attorney fees. *See Hanlin*, 474 F.3d at 1360. It is undisputed that Mr. Jackson had no such agreement with Mrs. Finemore. Accordingly, the Court holds, in the absence of a valid fee agreement with Mrs. Finemore, Mr. Jackson cannot collect a percentage of Mrs. Finemore's accrued benefits award.

The Court recognizes that in the *Hanlin* case, the widow's and son's awards are independent of each other; that is, there are two distinct allotments of payment from which each claimant was entitled to an award. On the other hand, in Mrs. Finemore's claim, she could only collect what was "due and unpaid" to the veteran at the time of his death. We find this distinction to be irrelevant. As discussed above, accrued benefits is still, and has been consistently held to be, a separate claim. *Zevalkink*, 102 F.3d at 1241.[2] Although an accrued benefits claim is also "derivative" of a service-

---

[1] Although it appears Mr. Jackson prepared and submitted Mrs. Finemore's application for DIC and accrued benefits on her behalf (R. at 138-47), nothing in the record indicates, nor does the appellant allege, that he had ever entered into an attorney-client relationship with Mrs. Finemore.

[2] Our dissenting colleague suggests that this Court's decision in *Breedlove v. Shinseki*, 24 Vet.App. 7 (2010), may have changed the landscape with respect to the nature of accrued benefits claims. *Post* at 13. As the dissent points out, this Court explained in *Breedlove* that, with the enactment of 38 U.S.C. § 5121A, "Congress has largely altered the distinction previously drawn . . . between the deceased veteran's claim and that of the surviving eligible accrued-benefits claimant [and that a]ny distinction has been reduced to the administrative requirement of filing an accrued benefits claim

9

connection claim, the Court notes that in *Hanlin*, in addition to being dependent upon a finding of service connection (and the establishment of entitlement to "service connection" had been successfully procured by the widow's attorney), section 1314(b) benefits are only payable to a deceased veteran's helpless adult child when benefits are also payable to a surviving spouse under section 1311. Thus, the son's claim was also derivative of his mother's award. Moreover, the Federal Circuit specifically held that "[s]imply because [the widow's] qualification to receive DIC as a surviving spouse is a prerequisite to [the son's] ability to receive benefits under section 1314(b) did not make [the son] the same claimant as his mother." 474 F.3d at 1360. We find nothing in *Hanlin*, or elsewhere in the Court's jurisprudence, to suggest that, although VA cannot bind a party to a fee agreement because the claimants were seeking DIC benefits, nevertheless, the Court can, in effect, bind an accrued benefits claimant to her deceased husband's contract concerning his disability benefits.

In the November 15, 2011, decision here on appeal, the Board found that past-due benefits "were awarded [to the veteran] by virtue of a May 2007 Board decision" but that "the Board's award did not result in any cash payment to the [v]eteran due to the [v]eteran's death." R. at 5; *see* 38 C.F.R. § 20.609(h)(iii). The Board concluded that "[b]ecause a cash payment 'from which the fee may be deducted' was never made VA cannot honor the [c]ontingent [f]ee [a]greement between the [v]eteran and the appellant." R. at 11 (quoting 38 C.F.R. § 20.609(h)(iii)). To the extent that the Board's finding of fact may be considered a determination that the Board's May 2007 grant of service connection amounted to an award of past-due benefits as contemplated by 38 U.S.C. § 5904(d), as discussed above, such a determination is clearly contrary to the law. *See Snyder, supra*. Because we hold today that a determination of service connection is not an "award of past-due benefits" as

---

and the determination of eligibility for accrued benefits." 24 Vet.App. at 7. First, the Court notes that, even after *Breedlove*, the additional "essential element" distinguishing a veteran's claim from his accrued benefits-eligible survivor's claim remains; that is, an accrued benefits claimant must establish eligibility pursuant to section 5121. Moreover, section 5121A did not become effective until October 10, 2008, ten months after Mr. Finemore's death. *See Copeland v. Shinseki*, 26 Vet.App. 86 (2012). Thus, neither section 5121A nor this Court's decision in *Breedlove* could be applicable in this matter. To the extent that one might argue that the outcome of this case might be different had Mrs. Finemore been substituted under section 5121A, that is not the case before the Court today. In this matter, the undeniable fact remains that Mrs. Finemore was not, in fact, substituted in Mr. Finemore's claim; she filed a separate claim pursuant to 38 U.S.C. § 5121(a).

contemplated by 38 U.S.C. § 5904(d), and no award was thus made in connection with Mr. Finemore's claim, we need not consider whether the regulatory requirement that "[t]he award of past-due benefits results in a cash payment" has been met. 38 C.F.R. § 20.609(h); *see Snyder*, 489 F.3d at 1219-20 (suggesting that § 20.609(h) may have been "written unduly narrowly by VA," but declining to address the validity of the regulation).

The dissent focuses on a number of disparate arguments that essentially amount to a single argument: it is unfair for an attorney not to be paid for his work. The Court does not discount the fact that Mr. Jackson did a great deal of the work in connection with Mr. Finemore's claim and that his work benefited Mrs. Finemore in pursuing her claim. However, this Court may not award equitable relief, in this instance, no matter how compelling the facts. *See Taylor v. West*, 11 Vet.App. 436, 440 (1998); *Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997); *Schleis v. Principi*, 3 Vet.App. 415, 418 (1992) ("Only the Secretary is permitted by statute to take equitable considerations into account in reviewing claims for administrative error" (citing 38 U.S.C. § 503(a))). Our colleague cites no statute, no legislative history, no case, that equates the solicitude of Congress for veterans and their survivors to a comparable solicitude for attorneys who represent the nation's veterans in exchange for 20% of their benefits.

### III. CONCLUSION

Upon consideration of the foregoing analysis, appellant's and the Secretary's pleadings and oral argument, and a review of the record, the Board's November 15, 2011, decision is AFFIRMED.

SCHOELEN, *Judge*, dissenting: The majority's holding relieves the Secretary of his statutory obligation pursuant to 38 U.S.C. § 5904(d)(2) to honor a valid contingency fee agreement between the appellant and the veteran and allows an absurd result, which permits an accrued-benefits claimant to collect more monetary benefits than what was "due and unpaid" to the veteran at the time of his death. Therefore, I must respectfully dissent.

As noted by my colleagues, there is no dispute that the appellant and the veteran entered into a valid contingency fee agreement pursuant to 38 U.S.C. § 5904(c)(1) and (d)(1),(2)(A)(i)(ii). There is also no dispute that the appellant's representation of the veteran resulted in a favorable resolution

of the claim in May 2007 when the Board of Veterans' Appeals (Board) granted entitlement to service connection for the veteran's back and leg disabilities. Notwithstanding the appellant's successful representation of the veteran, the majority concludes that he is not entitled to collect a fee for legal services provided to the veteran because the regional office (RO) failed to calculate the amount of past-due benefits owed to the veteran prior to his death. Relying on the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision in *Snyder v. Nicholson*, the majority notes that "[a] claimant's service-connected disability forms the 'basis' of his or her claim for compensation," and that "in order to make an 'award[]' on the 'basis' of that claim, the VA must assign a disability rating to the claimant" from which monthly compensation may be set. 489 F.3d 1213, 1218 (Fed. Cir. 2007). As a result of the veteran's interceding death, the RO did not determine the appropriate disability rating and effective date until it had granted Mrs. Finemore's claim for accrued benefits. Because the calculation was made in the context of Mrs. Finemore's accrued benefits claim, the majority concludes that past-due benefits were not awarded on the basis of the veteran's claim. However, past-due benefits were, in fact, awarded.

First, I do not agree that the Federal Circuit's decision in *Jackson v. Shinseki*, 587 F.3d 1106 (Fed. Cir. 2009), and this Court's decision in *Cameron v. Shinseki*, 26 Vet.App. 109 (2012), are dispositive on this issue. Both *Jackson* and *Cameron* address the meaning of the term "case" as used in 38 U.S.C. § 5904(c), which prescribes when an attorney is permitted to charge and collect a fee for legal services. *See* 38 U.S.C. § 5904(c)(1) (pre-2006) (limiting the ability to charge a fee to services provided after the date on which the Board first makes a final decision in the case provided the attorney is retained within one year of that decision). In *Cameron*, the Court focused on whether worked performed by an attorney in two different claims was part of the "same case" so that the attorney could collect a fee for representation provided in both claims. 26 Vet.App. at 114-16; *accord Jackson*, 587 F.3d. at 1109-11 (holding that the attorney was not entitled to charge and collect a fee for work leading to the veteran's award of total disability based upon individual unemployability (TDIU) where the original case did not reasonably raise the issue of TDIU). Here, the appellant seeks only to collect a fee for work performed in the veteran's claim for disability compensation for back and leg disabilities. He is not attempting to enforce a fee agreement with Mrs. Finemore, nor is he attempting to collect a fee for legal services provided to her. Consequently,

12

there is no question whether the veteran's claim for disability compensation and Mrs. Finemore's claim for accrued benefits are part of the same "case" for purposes of section 5904(c)(1). Although the appellant argues that Mrs. Finemore's "case" was no different than the veteran's "case" because they are both based, as they must be, on the veteran's underlying claims for service connection, he nevertheless very clearly states that he is seeking to enforce the veteran's contract. As a result, the Court's focus and the determinative issue must be whether there was an *award of past-due benefits on the basis of the claim – i.e. the **veteran's** claim. See* 38 U.S.C. § 5904(d)(1) (providing that "the total fee payable to the attorney may not exceed 20[%] of the total amount of any past-due benefits awarded on the basis of the claim").

The majority mistakenly relies on the Federal Circuit's decisions in *Snyder*, *supra*, and *Hanlin v. Nicholson*, 474 F.3d 1355 (Fed. Cir. 2007), to conclude that there was not an award of past-due benefits on the basis of the veteran's claim and that the appellant cannot collect a fee from Mrs. Finemore because she is a separate claimant who was not a party to the fee agreement. In doing so, my colleagues ignore the unique nature of an accrued benefits claim. Although an accrued benefits claim is a separate claim from the veteran's claim for service connection for which an application must be filed to receive benefits, *Zevalkink v. Brown*, 102 F.3d 1236, 1241 (Fed. Cir. 1996), the Court has consistently recognized that "the substance of the . . . claim is purely derivative from any benefit to which the veteran might have been 'entitled' at his death." *Zevalkink v. Brown*, 6 Vet.App. 483, 489-90 (1994); *cf. Breedlove v. Shinseki,* 24 Vet.App. 7, 20 (2010) (explaining that, with the enactment of 38 U.S.C. § 5121A, "Congress has largely altered the distinction previously drawn . . . between the deceased veteran's claim and that of the surviving eligible accrued-benefits claimant [and that a]ny remaining distinction has been reduced to the administrative requirement of filing an accrued-benefits claim and the determination of eligibility for accrued benefits"). Thus, under section 5121, "a claimant is only entitled to what was properly due the veteran at the time of death, but was unpaid." *Zevalkink*, 102 F.3d at 1241.

It is within the unique context of the nature of an accrued benefits claim that the Court must examine whether the award of past-due benefits calculated as part of Mrs. Finemore's claim for accrued benefits satisfies section 5904(d)(1)'s requirement that there be an "award of past-due benefits on the basis of the claim," which was the subject of the fee agreement between the appellant

13

and the veteran. 38 U.S.C. § 5904(d)(1). Neither the statute nor the Secretary's regulation, 38 C.F.R. § 20.609(h)(2006), speaks to the precise issue presented by the facts of this case. However, for purposes of section 5904(d)(1), this Court is bound by the Federal Circuit's decision in *Snyder*, which held that "a claimant's service-connected disability forms the 'basis' of his or her claim for compensation," and that "[t]he word 'award' is clear and unambiguous, and in the parlance of veterans' benefits it means the amount stated as the award for success in pursuit of a claim for benefits." 489 F.3d at 1218-19. *Snyder* also instructs that the amount of awarded compensation and the amount of payable compensation may not be the same, but that section 5904(d)(1) requires the calculation of the attorney's fee to be based upon the amount of compensation *awarded* on the basis of the veteran's claim, i.e., "the sum of each month's unpaid compensation – as determined by the claimant's disability rating – beginning on the effective date and continuing through the date of the award." *Id*.

Here, it is undisputed that no payment was made to the veteran because of his interceding death. My colleagues conclude that past-due benefits were not awarded *on the basis of the veteran's claim* because the calculation of the amount of unpaid compensation did not occur *in the veteran's claim. Ante* at 6. However, in the unique context of Mrs. Finemore's accrued benefits claim, which was statutorily limited to the evidence on file and existing ratings and decisions at the time of the veteran's death, VA implemented an *award* – made a calculation of the unpaid compensation that was due and owed to the veteran at the time of his death on the basis of his claims for service connection for back and leg disabilities – the same claims that were the subject of the fee agreement with the appellant. Because the accrued benefits statute, 38 U.S.C. § 5121, limits Mrs. Finemore's entitlement to what was "due and unpaid" to the veteran at the time of his death, it is illogical to conclude that her claim, the substance of which is purely derivative of the veteran's claim, can result in a payment of accrued benefits that is greater than what the veteran would have been entitled to receive but for the unfortunate timing of his death.

The majority, however, relies on the Federal Circuit's decision in *Hanlin* to conclude that in the absence of a fee agreement with Mrs. Finemore, the appellant cannot collect a percentage of Mrs. Finemore's accrued benefits award. *Ante* at 9. Unlike my colleagues, I find *Hanlin* distinguishable from the present case. In *Hanlin*, the Federal Circuit rejected the attorney's attempt to collect a 20%

14

contingency fee from separate past-due benefits awarded to the veteran's surviving spouse and the veteran's helpless child where the attorney had only entered into a contingency fee agreement with the surviving spouse and there had not been a Board decision on the helpless child's claim under 38 U.S.C. § 1314(b). 474 F.3d at 1360. The Federal Circuit held that the attorney "must have a fee agreement with each 'claimant' from whose compensation he seeks VA to withhold attorney fees" and "[s]imply because [the surviving spouse's] qualification to receive [dependency and indemnity compensation (DIC)] . . . is a prerequisite to [the helpless child's] ability to receive benefits under § 1314(b) does not make [the helpless child] the same claimant as his mother[,]" the surviving spouse. *Id.*

In the present case, the appellant is not seeking to collect a 20% contingency fee from *two* claimants, nor is he attempting to bind Mrs. Finemore to the veteran's fee agreement with the appellant. Unlike in *Hanlin*, there is only one claim on which compensation can be based, i.e., the veteran's service-connection claim for back and leg disabilities. The award of past-due benefits can only be paid to the veteran *or* the accrued benefits claimant, not both. The accrued benefits claimant can only receive the *veteran's* past-due benefits, based on his evidence, and the calculation of the award is made under the disability compensation scheme, just as if the veteran had survived. Thus, although *Hanlin* says that VA "can withhold past-due benefits for a claim only if there is a fee agreement with the claimant," 474 F.3d at 1360, requiring VA to honor the fee agreement between the appellant and the veteran does not amount to a withholding from a separate claimant, because, by the very nature of Mrs. Finemore's derivative entitlement, her claim is limited to the veteran's entitlement.

Accordingly, I would find that, because the appellant's representation of the veteran resulted in an award of past-due benefits on the basis of the veteran's service-connection claims for back and leg disabilities, the appellant is entitled to receive, and VA is statutorily required to pay him, 20% of the total amount of past-due benefits awarded. That the veteran's interceding death caused payment to be made to the veteran's surviving spouse does not alter the fact that the award of past-due benefits was made on the basis of the veteran's underlying claims for service connection or that the appellant is entitled to a fee based on work successfully performed pursuant to his fee agreement with the veteran.

15

The majority's holding to the contrary is inconsistent with Congress's desire to promote freedom for VA claimants to obtain access to judicial review and secure capable legal representation, as well as the Court's consistent view that an attorney, who enters into a valid fee agreement, should be compensated for work performed under that agreement that results in the claim being resolved in a manner favorable to the claimant. *See, e.g.*, *Lippman v. Shinseki*, 23 Vet.App. 243, 252-53 (2009) (holding that an attorney discharged after the initial decision on a claim, but prior to the appeal of the initial disability rating assigned is entitled to "reasonable fees" based on a *quantum meruit* analysis); *see also Scates v. Principi*, 282 F.3d 1362, 1366 (Fed. Cir. 2002) (holding that it is implicit in the contingency fee agreement that an attorney, discharged prior to resolution of the claim, is entitled to "only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded"). It also renders an attorney without any potentially viable remedy if all of the veteran's past-due benefits are paid to the veteran's surviving spouse and the veteran's estate does not contain sufficient funds to satisfy the veteran's contractual obligation in a State court action brought by such an attorney. Finally, an unfortunate consequence of the majority's holding may be that some of our nation's veterans, particularly the very old or infirm, may have trouble retaining qualified counsel who fear that VA will not resolve the claim prior to the veteran's death. This is particularly troubling at a time when VA takes 923 days[3] to process an appeal from the time a claimant files a Notice of Disagreement (NOD)[4] to issuance of a final Board decision. Accordingly, for the reasons provided above, I must respectfully dissent.

---

[3] *See* 2013 Department of Veterans Affairs Performance and Accountability Report (Dec. 16, 2013); http://www.va.gov/budget/report/.

[4] Under the current version of 38 U.S.C. § 5904(c)(1), an attorney may not charge or collect a fee with respect to services provided before an NOD is filed with respect to the case.