# United States Court of Appeals for the Federal Circuit

---

**ALLEN GUMPENBERGER,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1904

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-0092, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge Joseph L. Toth.

---

Decided: September 1, 2020

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, for claimant-appellant.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTA A. SHRIBER, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, LINN, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Edward G. Graham, a veteran, has been receiving monthly disability compensation benefits from the Department of Veterans Affairs (VA) since December 2001. In 2009, however, the VA determined that it had overpaid Mr. Graham $199,158.70. To collect on that overpayment, the VA began withholding a portion of Mr. Graham's monthly disability benefits, starting in August 2009. Mr. Graham hired Allen Gumpenberger to represent him in the appeal of that overpayment debt determination, which led to the successful invalidation of the debt. By 2013, when the VA stopped withholding compensation from Mr. Graham's monthly benefits, the VA had recouped $65,464.

Pursuant to a direct-pay, contingency fee agreement between Mr. Graham and Mr. Gumpenberger, the VA determined that Mr. Gumpenberger was entitled to a fee of $13,092.80, that is, 20% of the $65,464 that had been improperly recouped by the VA. Mr. Gumpenberger appealed, believing that his fee should be 20% of the entire debt that was invalidated. The U.S. Court of Appeals for Veterans Claims (Veterans Court), affirmed the decision of the Board of Veterans' Appeals (Board) finding that Mr. Gumpenberger is entitled to 20% of the amount that had been improperly withheld from Mr. Graham's monthly benefits, and not 20% of the invalidated debt. The relevant statutory language for direct-pay fee agreements permits a veteran's representative to receive "20 percent of the total amount of any past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d)(1). Because we agree with the Veterans Court that the total amount of the invalidated debt does not constitute the "past-due benefits awarded" to Mr. Gumpenberger's client, we affirm.

## BACKGROUND

Edward G. Graham served on active duty in the U.S. Marine Corps from 1967 to 1970 and has been receiving disability compensation benefits since December 2001. In January 2009, the VA regional office (RO) informed Mr. Graham that law enforcement authorities had identified him as a fugitive felon and the subject of an outstanding warrant issued in 1992. That warrant was withdrawn in February 2009. In May 2009, the RO issued a rating decision that retroactively discontinued Mr. Graham's compensation from December 2001 through February 2009, due to his then-fugitive felon status. Pursuant to the RO's decision, the VA informed Mr. Graham that he had been improperly paid $199,158.70 and that his monthly compensation would be partially withheld, beginning in August 2009, in order to pay back the debt. In June 2009, Mr. Graham appealed the debt determination.

In January 2011, Mr. Graham appointed Mr. Gumpenberger as his representative in the appeal. Mr. Gumpenberger and Mr. Graham signed an agreement stating that Mr. Gumpenberger's fee would be "20 percent of all past due benefits awarded to [Mr. Graham] as a result of winning [his] appeal as provided in 38 C.F.R. § 14.636." J.A. 46. In September 2013, the Board reversed the RO's debt ruling, finding that Mr. Graham was not a fugitive felon for VA purposes because he had never been aware of the outstanding warrant. J.A. 3. As of the Board's decision, the VA had recouped $65,464 from Mr. Graham's monthly benefits.

In April 2014, the RO determined that Mr. Gumpenberger was entitled to a fee of $13,092.80—20% of the $65,464 that had been erroneously withheld from Mr. Graham's past benefits. J.A. 36–38. The RO noted that although the total debt invalidated was $199,158.70, the past-due benefit, per 38 U.S.C. § 5904(d)(1), being awarded to Mr. Graham by the Board's decision was $65,464. *Id.*

Mr. Gumpenberger appealed the RO's fee determination to the Board and argued that he was entitled to 20% of the total invalidated debt. J.A. 39. In September 2016, the Board rejected that argument, agreeing with the RO's fee determination. J.A. 44–45. In February 2019, the Veterans Court affirmed the Board's decision. J.A. 1. The Veterans Court concluded that attorney's fees can only be paid, pursuant to a direct-pay fee agreement under § 5904(d)(1), out of benefits that were past-due, meaning unpaid or owed to the claimant. *Id.* at 8.

Mr. Gumpenberger timely appealed to our court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

We have jurisdiction to review a decision of the Veterans Court where a party challenges the interpretation or validity of a statute or regulation. 38 U.S.C. § 7292(c). We review such legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

Section 5904 establishes a framework for attorneys or agents to represent benefits claimants at the VA on a contingent fee basis while also authorizing the VA to pay any fee owed to the attorney or agent "directly from any past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d)(2)(A)(i). At issue in this case is the provision that states the fees to be paid to an agent or attorney pursuant to a direct-pay fee agreement "may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d)(1). In particular, this case requires us to determine the meaning of "the total amount of any past-due benefits awarded on the basis of the claim," in the context of the invalidation of a debt the VA required a veteran to pay through the reduction of his monthly compensation benefits.

Mr. Gumpenberger argues that the statute should be interpreted as allowing his fee to be based on the total invalidated debt because the benefit Mr. Graham received through Mr. Gumpenberger's successful representation is the cancellation of the entire debt. Appellant's Br. at 10–11. The VA, for its part, argues that the CAVC correctly interpreted § 5904 by basing Mr. Gumpenberger's fee on a percentage of only those benefits to which the claimant was entitled but were unpaid or owed to the claimant, and Mr. Gumpenberger was therefore not entitled to 20% of the entire invalidated debt; only a portion of that entire amount had been withheld from Mr. Graham's monthly benefits before the initial debt determination had been overruled. Appellee's Br. at 5. For the reasons that follow, we agree with the VA and Veterans Court and find the language of § 5904—"past-due benefits awarded"—unambiguously refers to benefits unpaid or owed to the veteran.

When interpreting a statute, we "begin with the language employed by Congress." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004) (internal quotations and citation omitted). A court interpreting the statute "presume[s] that Congress intended to give those words their plain and ordinary meanings." *Gazelle v. Shulkin*, 868 F.3d 1006, 1010–11 (Fed. Cir. 2017). "This ordinary meaning may be informed through the use of dictionaries." *Id.* at 1011. Ballentine's Law Dictionary defines "past-due" as "overdue." *Past Due*, BALLENTINE'S LAW DICTIONARY (3rd ed. 1969); *see Past-Due*, OXFORD ENGLISH DICTIONARY (3rd ed. 2005) (same). Merriam-Webster Dictionary defines "past-due" as "overdue." *Past-Due*, MERRIAM-WEBSTER DICTIONARY (3rd ed. 2002). Black's Law Dictionary defines "due" as "owing or payable; constituting a debt." *Past-Due*, BLACK'S LAW DICTIONARY (11th ed. 2019). Therefore, the plain meaning of "past-due" is "unpaid or owed," and "past-due benefits awarded on the basis of the claim" refers to the amount of benefits unpaid or owed to the claimant when his claim is granted.

Mr. Gumpenberger's position is that the "past-due benefits awarded" in an action challenging an overpayment debt is the total amount of the overpayment debt itself that was invalidated, even when the VA had collected only a portion of that now-overturned debt from the veteran. Although we agree with Mr. Gumpenberger that his veteran client was relieved of having to pay the entire $199,158.70 debt, Mr. Gumpenberger's proposed interpretation inappropriately reads out of the statute the term "past-due." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). As the Veterans Court correctly observed, the "invalidation did not result in a *past-due* benefit equal to the total amount of the overpayment debt." J.A. 10 (emphasis in original). Rather, the unpaid or owed amount due to Mr. Graham was the amount that had been erroneously withheld from his monthly benefits until the debt had been overturned—$65,464.

Our statutory interpretation is also consistent with our prior decisions. We have previously considered, for different circumstances, the meaning of the statutory phrase "the total amount of any past-due benefits awarded on the basis of the claim." *See Snyder v. Nicholson*, 489 F.3d 1213 (Fed. Cir. 2007). Although the factual context was different, we nonetheless explained in *Snyder* that '[a]ny compensation not paid to the claimant in a given month becomes a "past-due benefit[]." *Id.* at 1218. Furthermore, we held that "the total amount of any past-due benefits awarded on the basis of the claim is the sum of each month's unpaid compensation—as determined by the claimant's disability rating—beginning on the effective date and continuing through the date of the award." *Id.* (internal quotations omitted). We thus equated the "total amount of any past-due benefit awarded on the basis of the

claim" with the amount of benefits that the veteran was already entitled to receive but was unpaid.

Therefore, in this case, we find the past-due benefit awarded in Mr. Gumpenberger's successful representation of Mr. Graham is the amount that was owed or unpaid to the veteran as a result of improper withholdings of Mr. Graham's benefits by the VA. As of December 2001, Mr. Graham's disability rating was set by the VA. Per 38 U.S.C. § 5314 ("Indebtedness Offsets"), Mr. Graham's monthly disability benefits payment was withheld by the VA in order to recoup a debt that was later invalidated. Once the debt was invalidated, Mr. Graham was owed the amount that the VA had improperly withheld from Mr. Graham's monthly disability payments, *i.e.*, the amount of Mr. Graham's benefits that were "past due." Mr. Gumpenberger's contrary view conflates the cancellation of the VA's initial debt determination with the debt or award owed to Mr. Graham after Mr. Gumpenberger's successful appeal. Beyond the amount improperly recouped by the VA, the VA at no point in time owed any other amount to Mr. Graham.

## CONCLUSION

We have considered Mr. Gumpenberger's remaining arguments and find them unpersuasive. We therefore agree with the Veterans Court that Mr. Gumpenberger was entitled to fees in the amount of $13,092.80 (20% of $65,464) because that was the amount past-due benefit that was unpaid or owed to Mr. Graham after Mr. Gumpenberger's successful advocacy. Accordingly, the appeal from the final judgment of the Veterans Court is

## AFFIRMED

### COSTS

No costs.