﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190531-99372
DATE: November 30, 2020

ORDER

Entitlement to additional attorney fees based on the total amount of past-due benefits awarded in the December 2018 rating decision and January 2019 dependency decision, prior to withholding for military retired pay, is granted. 

FINDING OF FACT

The appellant is entitled to attorney fees based on the total award of past-due benefits granted in the December 2018 rating decision and January 2019 dependency decision, prior to withholding for military retired pay.

CONCLUSION OF LAW

The criteria for additional attorney fees to the appellant based on the of past-due benefits awarded in the December 2018 rating decision and January 2019 dependency decision, prior to withholding for military retired pay, are met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1975 to May 1990. The appellant is the Veteran’s attorney representative.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 decision of a Department of Veterans Affairs (VA) Regional Office (RO) which granted attorney fees based on past-due benefits awarded in a January 2019 rating decision.

In May 2019, the appellant submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and requested Direct Review by a Veterans Law Judge. The Board notes that in April 2019, the appellant filed a Higher Level Review Request. In a May 2019 letter, the RO informed the appellant that this was the incorrect venue for this type of appeal, and the March 2019 letter contained the incorrect appeal form. The RO sent the appellant the correct form, a VA Form 10182, and the appellant submitted the Decision Review Request within 60 days of the May 2019 letter. Therefore, the appeal is timely. As the appellant selected Direct Review, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. 

When an AOJ has issued a notice of an initial decision on or after the effective date of the modernized review system, February 19, 2019, agents and attorneys may charge claimants or appellants for representation provided if the notice of the initial decision was issued on or after the effective date of the modernized review system, and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). An initial decision on a claim would include an initial decision on an initial claim for an increase in rate of benefit, an initial decision on a request to revise a prior decision based on clear and unmistakable error (CUE), and an initial decision on a supplemental claim that was presented after the final adjudication of an earlier claim. 

For initial decisions issued prior to February 19, 2019, agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). Agents and attorneys may charge fees for representation provided with respect to a request for revision of a decision of an AOJ or the Board based on CUE if notice of the challenged decision was issued before the effective date of the modernized review system; an NOD was filed with respect to the challenged decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 38 C.F.R. § 14.636(c)(2).

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

The term “past-due benefits” means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020); see also Gumpenberger v. Wilkie, 973 F.3d 1379 (Fed. Cir. 2020); Jackson v. McDonald, 635 Fed. Appx. 858 (Fed. Cir. 2015); Snyder v. Nicholson, 489 F.3d 1213 (Fed. Cir. 2007).

When the benefit granted on appeal, or as the result of the readjudicated claim, is service connection for a disability, the “past-due benefits” will be based on the initial disability rating assigned by the AOJ following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. If an increased rating is subsequently granted as the result of an appeal of the disability rating initially assigned by the AOJ, and if the agent or attorney represents the claimant or appellant in that phase of the claim, the agent or attorney will be paid a supplemental payment based upon the increase granted on appeal, to the extent that the increased amount of disability is found to have existed between the initial effective date of the award following the grant of service connection and the date of the rating action implementing the appellate decision granting the increase. 38 C.F.R. § 14.636(h)(3)(i).

In August 2012, the Veteran and appellant signed VA Form 21-22a, Appointment of Individual as Claimant’s Representative and a fee agreement stating that the attorney’s fee to be paid will be 20 percent of past-due benefits, paid directly to the attorney by VA. The attorney fee agreement included the name of the Veteran, his VA file number, and specific terms under which the amount to be paid for the services of the attorney would be assessed. A copy of the agreement was received by VA in August 2012. The Board finds the agreement to be valid, as it was properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g).

In this case, in a December 2009 rating decision, the RO, in pertinent part, denied entitlement to service connection for posttraumatic stress disorder (PTSD). The Veteran filed a timely notice of disagreement with the decision in December 2009. An April 2011 Statement of the Case denied service connection for PTSD and the Veteran appealed the issue to the Board in August 2011.

In a September 2018 decision, the Board granted service connection for an acquired psychiatric disorder, to include anxiety disorder. 

In a December 2018 rating decision, the RO implemented the grant of service connection for an acquired psychiatric disorder, to include anxiety disorder and PTSD, with a rating of 30 percent effective May 22, 2009, and of 50 percent from October 27, 2012.

A December 2018 notification letter indicated that the Veteran’s benefits were withheld until December 1, 2018, to prevent a double payment of military retired pay and VA compensation benefits. The letter also notified the Veteran that he was being paid as a single Veteran with no dependents, but he would receive retroactive benefits for dependents if he submitted a dependency claim within a year of the letter. The Veteran submitted a dependency claim in December 2018. 

In a January 2019 decision, the RO granted additional dependency benefits for the Veteran’s spouse. In a January 2019 RO award document implementing the addition of the Veteran’s spouse as a dependent, the RO stated that no attorney fee withholding was needed due to no retroactive payment. 

A February 2019 Audit Error Worksheet found that the VA owed the Veteran the amount withheld by VA from November 2012 to January 2019.

In a March 2019 letter, the RO notified the Veteran that he was entitled to a retroactive Concurrent Receipt of Retired and Disability Pay (CRDP) payment of $66,792.37 covering the period from November 1, 2012, to January 31, 2019 based on the February 25, 2019 Audit Error Worksheet. The payment was based on the past-due benefits awarded in the December 2018 rating decision, and January 2019 dependency decision.

In a March 2019 Summary of the Case, the RO found that based on the information in the Veteran’s military retired pay files and VA records, he was entitled to a restorative CRDP compensation payment of $66,642.20. The payment covered the period from November 1, 2012, through January 31, 2019. The amount withheld for fees was $13,328.44, which was 20 percent of the past-due benefits. The RO found that attorney fees were warranted because all of the requirements for direct payment of fees had been met. 

In an April 2019 statement, the appellant asserted that the fees were calculated incorrectly. The appellant asserted that the attorney fee should have been around $16,500. The appellant stated that the lower amount was because of an offset due to the Veteran’s receipt of military retired pay, and that the fee should have been calculated on the amount of the award, not the cash payment of past-due benefits the Veteran receives. The appellant restated the argument in a May 2019 brief, submitted with the notice of disagreement. The appellant asserted that additional attorney fees are warranted from the January 2019 rating decision and should have been awarded prior to the military retired pay offset.

The Board finds that the appellant is entitled to attorney fees of 20 percent of the total past-due benefits awarded to the Veteran in the December 2018 rating decision, and subsequent January 2019 dependency decision. A VA Form 21-22a and attorney fee agreement were properly completed, and filed with the RO in August 2012. The initial decision on the issue was issued prior to February 19, 2019, the effective date of the modernized review system. A notice of disagreement was filed on the issue of entitlement to service connection for PTSD in December 2009. Therefore, the criteria for attorney fees based on the past-due benefits granted in the December 2018 rating decision, and subsequent January 2019 dependency decision, were met.

There is a prohibition on the concurrent payment of military retired pay and VA disability compensation pay without a waiver of a portion of the retired pay. See 38 U.S.C. §§ 5304, 5305. However, a Veteran who is entitled to military retired pay and disability compensation for a service-connected disability rated 50 percent or more, or a combination of service-connected disabilities rated 50 percent or more, under the schedule for rating disabilities is entitled to receive both payments subject to a phase-in period. 38 C.F.R. § 3.750(b)(1).

The RO withheld a portion of the Veteran’s award in the rating decision for military retired pay, pending an audit error worksheet (AEW), which is processed by the Defense Finance and Account Services (DFAS). Most of the Veteran’s withheld pay, CDRP, was paid to the Veteran in March 2019, and the March 2019 Summary of the Case is based on that payment. However, as the Veteran’s service-connected disabilities were rated as less than 50 percent disabling prior to October 27, 2012, the CDRP did not include the period from May 22, 2009 to October 27, 2012. 

A review of the February 2019 Audit Error Worksheet also reflects that from November 2012 to January 2014, VA withheld slightly more than was paid to the Veteran. From November 2012 to December 2012, VA withheld $874.00, and a payment of $871.00 was due; for the months from December 2012 to December 2013, VA withheld $888.00 and the payment due was $887.00; from December 2013 to January 2014, the amount withheld by VA was $901.83 and the payment due was $901.00. From January 2014 onwards, the amount withheld by VA and due from VA is identical. The CRDP payment made in March 2019 was based on the February 2019 Audit Error Worksheet. 

The United States Court of Appeals for Veterans Claims (Court) has held that VA obligations to attorneys under 38 U.S.C. § 5904 are to be determined by the total amount of past-due benefits awarded by VA, not by the amount the Veteran is actually entitled to receive. See Rosinski, 32 Vet. App. at 274. In Rosinski, the Veteran’s attorney had received 20 percent of the amount paid to the Veteran following withholding for military retired pay. The Court found that the attorney should have been awarded 20 percent of the total amount awarded to the Veteran prior to the withholding for military retired pay.

The facts of Rosinski are similar to the facts of this case. Therefore, the Board finds that attorney fees should have been paid based on the total award of past-due benefits granted to the Veteran prior to withholding for military retired pay. 

As the attorney fees were not based on the amount awarded to the Veteran from May 22, 2009 to October 27, 2012, and a small amount of benefits were not paid to the Veteran following the February 2019 Audit Error Worksheet, there are additional fees due to the appellant. The RO should calculate attorney fees based on the full award due to the Veteran based on the past-due benefits awarded to the Veteran in the December 2018 rating decision and January 2019 grant of dependency benefits. 

In conclusion, the appellant is entitled to attorney fees based on 20 percent of the past-due benefits awarded to the Veteran in the December 2018 rating decision and January 2019 dependency decision, prior to the withholding for military retired pay. As the full amount has not been paid to the appellant, entitlement to additional attorney fees based on the total award of past-due benefits is granted.

 

 

M. SORISIO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Marenna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.