Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200706-90538
DATE: June 30, 2021

ORDER

The claim contesting eligibility to agent fees based on past-due benefits granted in a June 2020 rating decision is denied.

Reasonableness of the award of agent fees based on past-due benefits granted in a June 2020 rating decision is dismissed.

 

FINDINGS OF FACT

1. The Veteran's appointment of Agent C.L. in August 2013 as his representative, and the associated fee agreement, are valid for purposes of the award of agent fees.

2. In a June 2020 rating decision, the Regional Office (RO) granted service connection for residuals of a right femur fracture and for right knee joint replacement with chondromalacia since August 2010, from which past-due benefits were awarded; a notice of disagreement (NOD) as to the issue of service connection for these issues was previously filed in September 2011.

3. The Office of General Counsel (OGC) has not made an initial determination as to the reasonableness of agent fees pursuant to its own motion or a motion of the Veteran.

CONCLUSIONS OF LAW

1. The criteria for eligibility to agent fees of 20 percent of the past-due benefits awarded in the June 2020 rating decision have been met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

2. As the OGC has not made an initial determination as to the reasonableness of agent fees, the Board has no jurisdiction to adjudicate the merits of the appeal of the issue of reasonableness. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 14.636, 20.104.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1980 to October 1980.

The case is on appeal from a June 2020 decision.

Agent C.L. is the Veteran's former agent representative.

1. Eligibility to agent fees based on past-due benefits granted in a June 2020 rating decision.

Legal Criteria

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. 

A power of attorney, executed on either VA Form 21-22 or VA Form 21-22a, is required to represent a claimant before VA. The power of attorney shall contain the signature of the claimant and the signature of the agent or attorney, and shall be presented to the appropriate VA office for filing in the Veteran's claims folder. 38 C.F.R. § 14.631(a). A power of attorney may be revoked at any time, and an agent or attorney may be discharged at any time. Unless a claimant specifically indicates otherwise, the receipt of a new power of attorney executed by the claimant and the organization or individual providing representation shall constitute a revocation of an existing power of attorney. 38 C.F.R. § 14.631(f)(1). 

All agreements for the payment of fees for services of agents and attorneys must be in writing and signed by both the claimant or appellant and the agent or attorney. To be valid, a fee agreement must include the following: the name of the Veteran; the name of the claimant or appellant if other than the Veteran; the name of any disinterested third-party payer and the relationship between the third-party payer and the Veteran, claimant, or appellant; the applicable VA file number; and the specific terms under which the amount to be paid for the services of the attorney or agent will be determined. Fee agreements must also clearly specify if VA is to pay the agent or attorney directly out of past-due benefits. A copy of a direct-pay fee agreement must be filed with the agency of original jurisdiction (AOJ) within 30 days of its execution. 38 C.F.R. § 14.636(g).

Fee agreements must be reasonable; those which do not exceed 20 percent of past-due benefits are presumed reasonable. See 38 C.F.R. § 14.636(f).

For initial decisions issued prior to February 19, 2019, agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

The term "past-due benefits" means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020); see also Gumpenberger v. Wilkie, 973 F.3d 1379 (Fed. Cir. 2020); Snyder v. Nicholson, 489 F.3d 1213 (Fed. Cir. 2007).

When the benefit granted on appeal, or as the result of the readjudicated claim, is service connection for a disability, the "past-due benefits" will be based on the initial disability rating assigned by the AOJ following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. If an increased rating is subsequently granted as the result of an appeal of the disability rating initially assigned by the AOJ, and if the agent or attorney represents the claimant or appellant in that phase of the claim, the agent or attorney will be paid a supplemental payment based upon the increase granted on appeal, to the extent that the increased amount of disability is found to have existed between the initial effective date of the award following the grant of service connection and the date of the rating action implementing the appellate decision granting the increase. 38 C.F.R. § 14.636(h)(3)(i).

Analysis

In August 2013, the Veteran executed VA Form 21-22a appointing Agent C.L. as his representative. The parties also executed a Fee Agreement at that time, which provided that Agent C.L. was entitled to 20 percent of any past-due benefits awarded to the Veteran. Thereafter in July 2014, the Veteran appointed Disabled American Veterans (DAV), a Veterans Service Organization (VSO), as representative, which effectively revoked Agent C.L.'s representation. 

Earlier, in September 2011, the RO denied a claim to reopen service connection for the right knee and residuals of a right femur fracture. In September 2011, the Veteran timely filed a NOD with that rating decision. In a June 2020 rating decision, the RO granted service connection for residuals of a right femur fracture and for right knee joint replacement with chondromalacia from August 2010, the date of his claim to reopen.

In a June 2020 fee decision, the Veteran and Agent C.L. were notified that the amount of past-due benefits to the Veteran was computed at $30,559.40. It was additionally determined a payment was due to Agent C.L. of $6,011.88, which is 20 percent of the award minus administrative fees.

In July 2020, the Veteran submitted a NOD to the June 2020 fee decision, contesting the award of agent fees, i.e. 20 percent of past-due benefits. He contends that a 20 percent fee to Agent C.L. is unjustifiable, given the approximately one year of representation, in comparison to the nine to ten years of work performed by DAV and himself during the extensive length of the appeal. He also questions the significance and value of the submissions contributed by Agent C.L. toward the ultimate grants in the June 2020 rating decision. The Veteran believes that Agent C.L. should only receive a nominal fee on a quantum merit basis for work performed as he was discharged prior to completion of the appeal, and points to paragraph 6 in the Fee Agreement with similar terms.

In November 2020, an attempt was made to provide Agent C.L. with a copy of the Veteran's NOD pursuant to 38 C.F.R. §§ 20.403 for contested claims. However, as this decision is granted in his favor, Agent C.L. has not been prejudiced by failure to follow this procedural requirement.

Two issues have been raised in this case, the first is whether Agent C.L. is eligible for agent fees, and the second is whether the agent fee of 20 percent of the past-due benefits granted in the June 2020 rating decision is reasonable and fairly reflects Agent C.L.'s contribution to the case.

With regard to eligibility, the Board finds that Agent C.L. is eligible to agent fees based on the past-due benefits granted in the June 2020 rating decision. In this regard, a timely NOD was filed in September 2011 as to the issue of service connection for the right knee and right femur addressed in the September 2011 rating decision denial. As the NOD was filed with respect to such issue on or after June 20, 2007, and the agent complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g), the criteria for basic eligibility for agent fees are met. See 38 C.F.R. § 14.636.

Additionally, while the Veteran has the right to discharge an agent or attorney, and he effectively revoked Agent C.L.'s representation in July 2014, termination of representation does not terminate the agent's rights under a valid contract, i.e., the fee agreement. This includes the right to collect fees for work performed prior to termination that resulted in the claim being resolved in a manner favorable to the Veteran if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d)(2). 

Thus, the evidence supports that the fee agreement was valid, and Agent C.L. is eligible for agent fees. Therefore, the appeal is denied with regard to this aspect of the Veteran's claim contesting agent fees.

2. Reasonableness of the award of agent fees based on past-due benefits granted in a June 2020 rating decision.

As noted above, the Veteran has also raised the issue of whether the 20 percent of the past-due benefits granted in the June 2020 rating decision reasonably and fairly reflects Agent C.L.'s contribution to the case.

The Board finds that it does not have jurisdiction to consider the merits of this portion of the appeal as to reasonableness. Disagreements as to the reasonableness of fees must first go through a motion to the OGC within 120 days of the final VA action, upon the OGC's own motion, or the motion of the appellant. See, e.g., Cox v. McDonough, No. 19-3317, 2021 U.S. App. Vet. Claims LEXIS 851, at *18, 30 (May 12, 2021); see also 38 C.F.R. § 14.636(i) (fee claims from June 23, 2008). Then, if there remains disagreement, an NOD may be filed as to OGC's decision, which would then lead to a Board review. See 38 C.F.R. § 14.636(i)(3).

(Continued on the next page)

 

The Board finds the Veteran's July 2020 NOD effectively shows the Veteran's intent to timely file a motion to the OGC for review of the reasonableness of agent fees awarded based on the June 2020 rating decision. The Veteran should contact the OGC with regard to the issue of reasonableness of fees as prescribed by 38 C.F.R. § 14.636(i).

In this case, as the OGC must make a determination in the first instance as to reasonableness of fees awarded, the Board does not have initial subject matter jurisdiction as to the issue of reasonableness of agent fees. Because the Board lacks jurisdiction to consider this issue, dismissal is appropriate. The Board is authorized to dismiss any appeal that fails to allege an error of fact or law. 38 U.S.C. § 7105(d)(5); 38 C.F.R. § 20.104(c). Accordingly, the matter of the reasonableness of agent fees must be dismissed.

 

 

RYAN T. KESSEL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Morford, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.