Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 201215-124450
DATE: July 30, 2021

ORDER

The appellant is not eligible to the direct payment of attorney fees based on past due benefits awarded in a November 2020 rating decision, which granted an increased rating for diabetic chronic kidney disease with hypertension and granted special monthly compensation (SMC) based on housebound criteria; the appeal is denied.

FINDINGS OF FACT

1. The Veteran's appointment of the appellant as his attorney and the associated fee agreement are valid.

2. In a November 2020 rating decision, the Regional Office (RO) granted an increased rating for diabetic chronic kidney disease with hypertension and granted SMC based on housebound criteria.

3. The November 2020 rating decision was an initial decision on the issues of an increased rating for diabetic chronic kidney disease with hypertension and for SMC based on housebound criteria.

CONCLUSION OF LAW

The criteria for eligibility to the direct payment of attorney fees based on past-due benefits awarded in the November 2020 rating decision which granted an increased rating for diabetic chronic kidney disease with hypertension and granted SMC based on housebound criteria have not been met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the U.S. Marine Corps from November 1968 to March 1970. He served in the Republic of Vietnam.

The appellant is the Veteran's attorney.

The fee decision on appeal was issued in November 2020 and constitutes an initial decision of the issue of attorney fees; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. On a December 2020 VA Form 10182, Decision Review Request: Board Appeal Notice of Disagreement (NOD), the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the November 2020 fee decision on appeal. 38 C.F.R. § 20.301.

Eligibility to the direct payment of attorney fees based on past-due benefits awarded in a November 2020 rating decision.

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. 

A power of attorney, executed on either VA Form 21-22, "Appointment of Veterans Service Organization as Claimant's Representative," or VA Form 21-22a, "Appointment of Attorney or Agent as Claimant's Representative," is required to represent a claimant before VA. The power of attorney shall contain the signature of the claimant and the signature of the agent or attorney, and shall be presented to the appropriate VA office for filing in the Veteran's claims folder. 38 C.F.R. § 14.631(a). A power of attorney may be revoked at any time, and an agent or attorney may be discharged at any time. Unless a claimant specifically indicates otherwise, the receipt of a new power of attorney executed by the claimant and the organization or individual providing representation shall constitute a revocation of an existing power of attorney. 38 C.F.R. § 14.631(f)(1). 

All agreements for the payment of fees for services of agents and attorneys must be in writing and signed by both the claimant or appellant and the agent or attorney. To be valid, a fee agreement must include the following: the name of the Veteran; the name of the claimant or appellant if other than the Veteran; the name of any disinterested third-party payer and the relationship between the third-party payer and the Veteran, claimant, or appellant; the applicable VA file number; and the specific terms under which the amount to be paid for the services of the attorney or agent will be determined. Fee agreements must also clearly specify if VA is to pay the agent or attorney directly out of past-due benefits. A copy of a direct-pay fee agreement must be filed with the AOJ within 30 days of its execution. 38 C.F.R. § 14.636(g).

Agents and attorneys may charge claimants or appellants for representation provided after an agency of original jurisdiction (AOJ) has issued notice of an initial decision on the claim or claims if the notice of the initial decision was issued on or after the effective date of the modernized review system, and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). An initial decision on a claim would include an initial decision on an initial claim for an increase in rate of benefit, an initial decision on a request to revise a prior decision based on clear and unmistakable error (CUE), and an initial decision on a supplemental claim that was presented after the final adjudication of an earlier claim. However, a supplemental claim will be considered part of the earlier claim if the claimant has continuously pursued the earlier claim by filing any of the following, either alone or in succession: A request for higher-level review, on or before one year after the date on which the AOJ issued a decision; a supplemental claim, on or before one year after the date on which the AOJ issued a decision; an NOD, on or before one year after the date on which the AOJ issued a decision; a supplemental claim, on or before one year after the date on which the Board issued a decision; or a supplemental claim, on or before one year after the date on which the United States Court of Appeals for Veterans Claims (Court) issued a decision. Agents and attorneys may charge fees for representation provided with respect to a request for revision of a decision of an AOJ or the Board based on CUE if notice of the challenged decision on a claim or claims was issued on or after the effective date of the modernized review system, and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 38 C.F.R. § 14.636(c)(1).

Agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). Agents and attorneys may charge fees for representation provided with respect to a request for revision of a decision of an AOJ or the Board based on CUE if notice of the challenged decision was issued before the effective date of the modernized review system; an NOD was filed with respect to the challenged decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 38 C.F.R. § 14.636(c)(2).

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

Fees which do not exceed 20 percent of any past-due benefits awarded shall be presumed to be reasonable if the agent or attorney provided representation that continued through the date of the decision awarding benefits. 38 C.F.R. § 14.636(f)(1).

The term "past-due benefits" means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020); see also Gumpenberger v. Wilkie, 973 F.3d 1379 (Fed. Cir. 2020); Jackson v. McDonald, 635 Fed. Appx. 858 (Fed. Cir. 2015); Snyder v. Nicholson, 489 F.3d 1213 (Fed. Cir. 2007). 

When the benefit granted on appeal, or as the result of the readjudicated claim, is service connection for a disability, the "past-due benefits" will be based on the initial disability rating assigned by the AOJ following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. If an increased rating is subsequently granted as the result of an appeal of the disability rating initially assigned by the AOJ, and if the agent or attorney represents the claimant or appellant in that phase of the claim, the agent or attorney will be paid a supplemental payment based upon the increase granted on appeal, to the extent that the increased amount of disability is found to have existed between the initial effective date of the award following the grant of service connection and the date of the rating action implementing the appellate decision granting the increase. 38 C.F.R. § 14.636(h)(3)(i).

In September 2018, the Veteran executed a VA Form 21-22a appointing the appellant as his representative. At that time, the parties also executed a fee agreement which provided that the appellant was entitled to fees in the amount of 20 percent of any past-due benefits awarded to the Veteran, and that the fees were to be paid directly by VA to the appellant. The Veteran's appointment of the appellant as his representative and the associated fee agreement are valid.

In October 2016, the Veteran filed claims of service connection for hypertension, diabetes, and a kidney disorder. The RO denied the claims in a June 2017 rating decision. This rating decision also granted service connection for posttraumatic stress disorder (PTSD). The Veteran filed an NOD with the denials of service connection and with the initial rating assigned for PTSD in June 2018. In an April 2020 rating decision, the RO granted service connection for type II diabetes mellitus and for diabetic chronic kidney disease with hypertension. In April 2020, the appellant was awarded and paid attorney fees for this grant of past-due benefits.

In May 2020, the Veteran filed a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. He indicated that his service connected diabetes, PTSD, hypertension, and kidney disease prevented him from working. In May 2020 he also completed an appeal to the Board as to the issue of an increased rating for PTSD.

In August 2020, the Veteran filed a request for Higher-Level Review (HLR) of the April 2020 rating decision. In August 2020 and in January 2021, the RO sent the Veteran letters rejecting his request for HLR.

In November 2020, the RO granted an increased rating for diabetic chronic kidney disease with hypertension to 100 percent effective March 18, 2020; granted SMC based on housebound criteria effective March 18, 2020; granted basic eligibility to Dependents' Educational Assistance effective March 18, 2020; continued a 20 percent rating for type II diabetes mellitus; and dismissed a total rating for compensation purposes based on individual unemployability due to service connected disabilities (TDIU) as moot. In a November 2020 fee decision, the RO denied attorney fees because there was no "qualifying request to review this decision." The appellant filed a VA Form 10182 appealing the denial of attorney fees in December 2020.

The appellant is not entitled to the direct payment of attorney fees based on past due benefits awarded in the November 2020 rating decision. The past-due benefits granted in that decision were an increased rating for diabetic chronic kidney disease with hypertension and SMC. Service connection for diabetic chronic kidney disease with hypertension was granted in April 2020. That was a full grant of those issues which were previously on appeal. The appellant was paid attorney fees for that award of past-due benefits. The Veteran did not appeal the initial rating assigned for diabetic chronic kidney disease with hypertension. 

Instead, he filed a TDIU claim form on which he indicated, in part, that hypertension and his kidney disease prevented him from working. This constituted a new claim for an increased rating for diabetic chronic kidney disease with hypertension. An increased rating was then granted in November 2020, which is the rating decision from which fees are contested. Therefore, the November 2020 rating decision was the initial decision as to the issue of an increased rating for diabetic chronic kidney disease with hypertension. SMC was never claimed but is part of the increased rating claim. Again, however, this was an initial decision on the issue of SMC. This initial decision was issued after the effective date of the modernized review system. The appellant may only charge the Veteran for representation provided after the initial decision. See 38 C.F.R. § 14.636(c)(1). 

The issue of an increased rating for diabetic chronic kidney disease with hypertension was a new claim resulting from the filing of a TDIU application. The issue of TDIU was already on appeal as part of the appeal of the initial rating for PTSD. However, the November 2020 rating decision did not grant TDIU or an increased rating for PTSD. Although TDIU is part of the increased rating appeal, increased ratings for other disabilities are not part of the TDIU appeal. When the Veteran indicated on his TDIU application that his diabetic chronic kidney disease with hypertension prevented him from working, this constituted a new claim for an increased rating. Had the Veteran wanted to appeal the initial rating assigned in the April 2020 rating decision, he would have had to file a valid HLR request or a VA Form 10182.

In argument submitted with her December 2020 VA Form 10182, the appellant contended that a brief filed with the August 2020 HLR request constituted an appeal of the initial rating assigned in the April 2020 rating decision. The August 2020 brief was clearly in support of HLR. The top of the brief stated in bold letters "Decision Review Request: Higher-Level Review." Although the brief stated that the Veteran requested "a grant of maximum evaluations for all conditions," this is insufficient to constitute an NOD to the April 2020 rating decision. VA requires that NODs be filed on particular forms. As the April 2020 rating decision was issued under AMA, a VA Form 10182 was required to appeal the initial rating assigned for diabetic chronic kidney disease with hypertension. There is no evidence that a VA Form 10182 was ever filed. The Veteran was informed within 4 days of receipt of the HLR that it could not be accepted. He was again informed that the HLR request was invalid in January 2021. After each of these notices, he had an opportunity to appeal the initial rating assigned for diabetic chronic kidney disease with hypertension in the April 2020 rating decision. He declined to do so, however. 

(CONTINUED NEXT PAGE)

The November 2020 rating decision, from which the attorney fees are contested, was the initial decision on the issue of an increased rating for diabetic chronic kidney disease with hypertension. Therefore, the appellant is not eligible to the direct payment of attorney fees and the appeal is denied. 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. E. Miller, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.